CV 13- C898

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

VICTOR SHERMAN,

                     Plaintiff,                **COMPLAINT**
                                            (Jury Trial Demanded)

     -against-

SCANLON, M.J.

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, and SERGEANT
CRAIG KEARNEY OF Tax ID 911289 and DETECTIVE
ROBERT ANDERSON Tax ID 926505 and DETECTIVE
EDWIN ESTRADA Tax ID 933767 NARCOTICS
BOROUGH QUEENS and POLICE OFFICERS JOHN
DOES and/or JANE ROES Nos. 1-10 (whose names are
unknown at this time),

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

      Plaintiff Victor Sherman, by his attorney Rochelle S. Berliner, for his complaint, alleges

as follows:

### INTRODUCTION

    1.    Plaintiff Victor Sherman brings this action, pursuant to 42 U.S.C. § 1983, to

redress the deprivation of his federal constitutional rights. More specifically, on November 22,

2011, at approximately 7:00 p.m., the individual defendants, each of whom was a member of

Narcotics Borough Queens of the New York City Police Department ("'NYPD"), falsely arrested

and imprisoned Mr. Sherman and maliciously prosecuted him. Mr. Sherman brings suit to redress

this aspect of the violation of his federal and state constitutional rights.

## JURISDICTION AND VENUE

2.       Pursuant to 28 U.S.C. §§ 1331 and 1343, jurisdiction is proper as Mr. Sherman's claims arise under federal law.   Pursuant to 28 U.S.C. § 1367, jurisdiction is proper as to the claims of Mr. Sherman arising under the common law of the State of New York.

3.       Pursuant to 28 U.S.C. § 1391(b), venue is proper as a substantial part of the events or omissions giving rise to Mr. Sherman's claims occurred in Queens County.

## PARTIES

4.       Plaintiff Victor Sherman is a citizen of the United States.  He resides in the State of New York, County of Queens.

5.       Defendant Sergeant Craig Kearney ("Defendant Kearney"), Defendant Detective Robert Anderson ("Defendant Anderson"), and Defendant Detective Edwin Estrada ("Defendant Estrada") were, at all times relevant herein, members of Narcotics Borough Queens of the NYPD.

6.       Upon information and belief, Defendant Kearney, Defendant Anderson, and Defendant Estrada are still members of Narcotics Borough Queens of the NYPD.  At all times relevant herein, they were acting within the scope of their employment and under color of law.

7.       Defendant Police Officers John Does ("Defendant John Doe #1, 2, 3, et seq.") and/or Defendant Police Officers Jane Roes #1-10 ("Defendant Jane Roe #1, 2, 3, et seq."), names and shield nos. unknown at this time, are, upon information and belief, members of the NYPD. At all times relevant herein, Defendants John Does and Jane Roes were acting within the scope of their employment and under color of law.

8.       Defendant City of New York is a municipal corporation organized pursuant to the laws of the State of New York.  It has all the powers vested in it by the laws of the State of New

York, the City of New York and the Charter of the City of New York.  At all times relevant herein, it was the employer of the individually named defendants.

## ADMINISTRATIVE PREREQUISITES

9.      On February 16, 2012, Mr. Sherman filed a timely Notice of Claim with Defendant City in the Office of the City Comptroller, in accordance with the General Municipal Law, concerning his arrest and detention.

10.     At least thirty days have elapsed since Mr. Sherman filed this Notice of Claim and adjustment or payment thereof has been neglected or refused.  This action is commenced within one year and 90 days from the date of the occurrences alleged herein, as required under Section 50-i of the General Municipal Law.

## FACTS UNDERLYING THE COMPLAINT

11.     On or about November 22, 2011, at approximately 7:00 p.m., Victor Sherman was sitting in the passenger's side of a vehicle driven by his friend, Eric Wittreich, on their way to visit a friend.

12.      While Mr. Wittreich was driving on Flushing Avenue in the County of Queens, he was pulled over without reason by an unmarked police vehicle with its turret lights flashing, in front of 58-38 59th Street.

13.     Defendant Estrada approached the driver's side window where Mr. Wittreich was sitting.

14.     Defendant Estrada asked Mr. Wittreich if he "had anything" on him, to which Mr. Wittreich responded by removing from his pocket and placing on the dashboard a small bag of marijuana wrapped in a magazine.

15.     Mr. Sherman did not know Mr. Wittreich had been in possession of marijuana.

16.     Defendant Kearney approached the passenger side of the vehicle where Mr. Sherman was sitting and asked Mr. Sherman for his I.D., which Mr. Sherman handed to him.

17.     Defendant Kearney then asked Mr. Sherman to step out of the vehicle.

18.     Without informing Mr. Sherman as to why he was being placed under arrest, Defendant Anderson, who was in another unmarked police vehicle which arrived at the scene as backup, handcuffed Mr. Sherman.

19.     Mr. Sherman and Mr. Wittreich were then placed in the police vehicle and driven to the precinct where they were fingerprinted and placed in a holding cell.

20.     Despite repeatedly being asked by Mr. Sherman why he was being detained, no police officer, including Defendant Anderson, provided a reason.

21.     Mr. Sherman was eventually taken to Central Booking where he was photographed, fingerprinted and placed in a cell.

22.     Mr. Sherman remained in Central Booking for at least twenty hours.

23.     Mr. Sherman was then arraigned, where he learned that he was being charged with Criminal Possession of Marijuana in the Fifth Degree under the theory that he possessed marijuana in public view.

24.     Mr. Sherman was released from court on his own recognizance.

25.     Mr. Sherman made two subsequent court appearances on January 17, 2012, and March 5, 2012.

26.     When Mr. Sherman appeared in court on March 5, 2012, the charges were dismissed on their merits upon application of the Queens County District Attorney, and the records were sealed.

27.     As a result of the defendants' conduct, Mr. Sherman was falsely arrested and wrongfully detained for approximately 24 hours.

28.     While the case was pending, Mr. Sherman suffered lost wages for one day of work as well as an opportunity for new employment due to the open case. He suffered and continues to suffer emotional and psychological harm due to the incident. To this day, Mr. Sherman still experiences fear and trepidation.

29.     The individual defendants acted intentionally, willfully, maliciously, with reckless disregard for and deliberate indifference to plaintiff's rights.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Deprivation of Rights under 42 U.S.C. § 1983)

30.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "29" with the same force and effect as if fully set forth herein.

31.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

32.     All of the aforementioned acts deprived plaintiff VICTOR SHERMAN of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

33.     The acts complained of were carried out by the aforementioned defendants in their capacities as detectives or police officers, with the entire actual and/or apparent authority attendant thereto.

34.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as detectives or police officers, pursuant to the customs, usages,

practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

35.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)**

36.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.     The defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

38.     As a result of the foregoing, plaintiff VICTOR SHERMAN was deprived of his liberty and right to substantive due process, causing severe emotional and psychological harm.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(False Arrest under 42 U.S.C. § 1983)**

39.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     On November 22, 2011, one or more of the individual defendants placed handcuffs on, and detained, plaintiff VICTOR SHERMAN.

41.     Defendants did not have probable cause to believe that Mr. Sherman had committed any crime. Put simply, Mr. Sherman did not engage in any conduct that warranted his arrest and detention.

42.     Because the individual defendants did not have probable cause to believe that Mr. Sherman had committed a crime, his detention was unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

43.     As a result of his detention by the individual defendants, Mr. Sherman's liberty was restricted for an extended period of time. Mr. Sherman suffered psychological injury, and continues to suffer psychological injury.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (False Imprisonment under 42 U.S.C. § 1983)

44.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     As a result of the individual defendants' conduct, Mr. Sherman was detained in a cell both at the precinct and at Central Booking, and at all times he knew he was detained. Moreover, Mr. Sherman did not consent to his confinement.

46.     As the behavior of Mr. Sherman provided no justification for these defendants' conduct, the defendants' actions were unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

47.     As a result of defendants' conduct, Mr. Sherman suffered loss of freedom, psychological injury, and continues to suffer psychological injury.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

48.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.     At all times relevant herein, one or more of the individual defendants knew, or should have known, that no basis existed for the arrests and/or prosecution of Mr. Sherman.

50. More than enough time existed for these defendants to intervene and to halt, or attempt to stop, the respective defendants' behavior.

51. Nonetheless, the respective defendants stood idly by while they witnessed the treatment of Mr. Sherman.

52. The conduct of defendants violated Mr. Sherman's rights protected by the Fourth and Fourteenth Amendments to the United States Constitution.

53. Because of defendants' failure to intervene, Mr. Sherman suffered psychological injury, and continues to suffer psychological injury.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (State Law–False Arrest)

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. On November 22, 2011, one or more of the individual defendants placed handcuffs on and detained Mr. Sherman.

56. Defendants did not have probable cause to believe that Mr. Sherman had committed any crime. Put simply, Mr. Sherman did not engage in any conduct that warranted his arrest and detention and there was no legal justification for his arrest.

57. As a result of his arrest and subsequent detention by the individual defendants, Mr. Sherman's liberty was restricted for an extended period of time without probable cause. Mr. Sherman suffered psychological injury, and continues to suffer psychological injury.

58. The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

59.     As the employer of the individual defendants, Defendant City is responsible for Mr. Sherman's injuries under the doctrine of *respondeat superior*.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (State Law–False Imprisonment)

60.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.     On November 22, 2011, as a result of the individual defendants' conduct, Mr. Sherman was detained in a cell both at the precinct and at Central Booking.

62.     Because these defendants did not have probable cause to believe that Mr. Sherman had committed a crime, no legal justification existed for his arrest and detainment.

63.     The confinement of Mr. Sherman was not otherwise privileged.

64.     Mr. Sherman was conscious of said confinement and did not consent to same.

65.     As a result of the foregoing, Mr. Sherman was falsely imprisoned and his liberty was restricted for an extended period of time.   Mr. Sherman suffered loss of freedom, psychological injury, and continues to suffer psychological injury.

66.     The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

67.     As the employer of the individual defendants, Defendant City is responsible for Mr. Sherman's injuries under the doctrine of *respondeat superior*.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (State Law– Malicious Prosecution)

68.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.     On November 22, 2011, the defendants, without legal justification and with malice arrested Mr. Sherman.

70.     As a result of the arrest, Mr. Sherman was required to appear in court.   In prosecuting Mr. Sherman, the Court relied upon information provided by the defendants.

71.     Ultimately, Mr. Sherman's case terminated in his favor.   On March 5, 2012, the charges against Mr. Sherman were dismissed.

72.     At all times relevant herein, defendants acted with malice.   They knew, or should have known, that Mr. Sherman was actually innocent of the offense with which he was charged.

73.     As such, the conduct of defendants violated Mr. Sherman's rights protected by the New York State Constitution.

74.     As a result of this baseless prosecution, Mr. Sherman suffered economic loss, loss of freedom, psychological injury, and continues to suffer psychological injury.

75.     The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

76.     As the employer of the individual defendants, Defendant City is responsible for Mr. Sherman's injuries under the doctrine of *respondeat superior*.

## AS AND FOR A NINTH CAUSE OF ACTION
### (State Law – Intentional Infliction of Emotional Distress)

77.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78.     One or more of the defendants intentionally and deliberately inflicted emotional distress on Mr. Sherman by maliciously prosecuting him or by falsely arresting and imprisoning

him without justification, or by violating his constitutional rights or knew or should have known that emotional distress was the likely result of their conduct.

79.     Defendants' conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

80.     As a result of the Defendants' intentional, extreme and outrageous conduct, Mr. Sherman was, is, and, with a high degree of likelihood, will continue to be emotionally distressed.

81.     The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

82.     As the employer of the individual defendants, Defendant City is responsible for Mr. Sherman's injuries under the doctrine of *respondeat superior*.

## AS AND FOR A TENTH CAUSE OF ACTION
### (State Law – Negligent Infliction of Emotional Distress)

83.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84.     One or more of the defendants negligently inflicted emotional distress on Mr. Sherman.

85.     Defendants had a continuing affirmative duty to perform their duties as detectives or police officers in such a manner as not to inflict emotional distress on Mr. Sherman.

86.     Mr. Sherman never interfered with the detectives or police officers obligations under the above-described duties.

87.     As a result of the Defendants' negligent conduct, Mr. Sherman was, is, and, with a high degree of likelihood, will continue to be emotionally distressed.

88.     The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

89.     As the employer of the individual defendants, Defendant City is responsible for Mr. Sherman's injuries under the doctrine of *respondeat superior*.

## AS AND FOR A ELEVENTH CAUSE OF ACTION
### (State Law – Negligent Training and Supervision)

90.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91.     On November 22, 2011, Mr. Sherman was a passenger of a car.   Despite complying with Detective Kearney's request for his I.D., defendants falsely arrested, falsely imprisoned, and maliciously prosecuted Mr. Sherman fully knowing that Mr. Sherman was not in possession of any marijuana.

92.     Defendant detectives or police officers owed a duty to act according to the standard of ordinary care of a detective or police officer.

93.     Defendant detectives or police officers breached that duty by failing to act as ordinary detectives or police officers would.

94.     Upon information and belief the Defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of Mr. Sherman.

95.     As a result of the individual defendants' conduct, Mr. Sherman suffered psychological injury, and continues to suffer psychological injury.

96.     The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

97.     As the employer of the individual defendants, Defendant City is responsible for the injuries Mr. Sherman suffered, and continues to suffers, as a result of the conduct of the individual defendants pursuant to the doctrine of *respondeat superior*.

### AS AND FOR A TWELFTH CAUSE OF ACTION
#### (State Law – Negligent Hiring and Retention)

98.     Plaintiff repeats and re-alleges the allegations contained in paragraphs numbered "1" through "97," as if fully set forth herein.

99.     Upon information and belief, Defendant City of New York failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in plaintiff's arrest.

100.    Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of Defendant Kearney, Defendant Anderson and Defendant Estrada and Defendant Police Officers John Doe and/or Jane Roe # 1-10 to engage in the wrongful conduct heretofore alleged in this Complaint.

101.    As the employer of the individual defendants, Defendant City is responsible for the injuries Mr. Sherman suffered, and continues to suffers, as a result of the conduct of the individual defendants pursuant to the doctrine of *respondeat superior*.

### DEMAND FOR A JURY TRIAL

102.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all issues.

### PRAYER FOR RELIEF

WHEREFORE, Victor Sherman prays for the following relief:

      (a)     compensatory damages in an amount to be determined at trial;

(b)    punitive damages in an amount to be determined at trial;

(c)    reasonable attorneys' fees;

(d)    costs and expenses; and

(e)    such other and further relief as is just and proper.


Dated: Queens, New York
         February 19, 2013


                                    ROCHELLE S. BERLINER, ESQ.
                                    Attorney for Plaintiff
                                    118-21 Queens Boulevard, Suite 504
                                    Forest Hills, New York 11375
                                    (718) 261-5600


                         By: _____
                                    Rochelle S. Berliner (RB7463)

Index No.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

VICTOR SHERMAN,

                    Plaintiffs,

     -against-

THE CITY OF NEW YORK, et al.,

                    Defendants.

---

## SUMMONS AND COMPLAINT

---

## ROCHELLE S. BERLINER, ESQ.
*Attorney for Plaintiff*
118-21 Queens Boulevard, Suite 504
Forest Hills, New York 11375
(718) 261-5600
(718) 793-0385 (fax)

---

                                        Signature (Rule 130-1.1-a)

To:     Office of the Corporation Counsel
        100 Church Street                    _____
        New York, NY 10007                       Rochelle S. Berliner, Esq.


                                        Service of a Copy of the within is hereby admitted.

*Attorney(s) for* Defendants
                                        _____

                                        Signature and Date

---

PLEASE TAKE NOTICE:

☐   NOTICE OF ENTRY

    that the within is a (certified) true copy of a
    duly entered in the office of the clerk of the within named court on                    200

☐   NOTICE OF SETTLEMENT

    that an order                                      of which the within is a true copy
    will be presented for settlement to the HON.                       one of the judges of the
    within named Court, at
    on                          20           at

Dated,                                              Yours, etc.